JEANIE E. MADDOCK, Respondent, *v.* GEORGE STEEL, Appellant.

*Agreement to become partners, to avoid fictitious partnership names — copartnership created, irrespective of interest in the business.*

Where parties, for the purpose of avoiding the penalties of the statute preventing the transaction of business in the name of a person who is not interested in the business, agree between themselves that they are partners, one of them cannot thereafter come into a court of equity and claim that, because the interest of the other in the business was not sufficient, therefore, no partnership existed.

When parties have so agreed to become partners, they are partners, and one of them, without regard to his interest in the business, may bring and maintain an action to wind up the affairs of the copartnership, and is entitled to the protection of the court, in order that the copartnership property may be applied to the payment of liabilities to third parties, for which he is liable by reason of being a partner.

APPEAL by the defendant, George Steel, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 27th day of February, 1893, continuing an injunction and appointing a receiver of the assets of Maddock & Steel *pendente lite.*

*Andrew W. Kent,* for the appellant.

*Frederick W. Hinrichs,* for the respondent.

PER CURIAM:

This action is brought to wind up the affairs of the firm of Maddock & Steel, the plaintiff claiming that she, together with the defendant, composed said firm. The only question presented here is, whether the relation of partners existed between the plaintiff and defendant, so that she, the plaintiff, might maintain this action.

It appears that prior to September 1, 1889, one Henry Maddock had been carrying on business in the city of New York, and upon

said date an agreement was entered into between the said Henry Maddock and George Steel, who had been a clerk of Maddock's prior to that time, looking to a continuation of the business by said George Steel, and the use by him of the name of Maddock, either alone or jointly with his own name, one of the objects of such continuation plainly being the keeping of said business in existence until one Sidney Maddock, a son of Henry Maddock, should become of age, which would occur on the 26th of January, 1893. After providing for the continuation, for the contribution of capital, by the agreement Steel agreed to employ said Sidney Maddock in the business from the 1st day of January, 1890, and to pay him for his services sums of money equal to one-half of the net profits, after deducting interest on capital at six per cent per annum, which profits should be determined yearly, and to admit him as an equal partner on the 26th of January, 1893, upon his contributing to the capital a sum in cash equal in amount to that contributed by Steel, and then standing to his credit on the books.

Steel thereupon continued said business, using the name of Maddock, and on the 20th of December, 1889, it being discovered that it was improper to use the name of Maddock in the style of the firm in the absence of a partner by that name, on said date an additional agreement was entered into between Henry Maddock and George Steel, in which agreement Jeanie E. Maddock joined. This agreement was to the following effect :

" WHEREAS, It is the desire of the parties to the foregoing agreement (referring to the agreement of September 1, 1889) that the business therein set forth shall be conducted under the name of Maddock & Steel; and WHEREAS, It is doubtful whether the name of Maddock can be legally used until Sidney Maddock attains his majority and becomes a partner in 1893 ;

" AND WHEREAS, Jeanie E. Maddock, wife of Henry Maddock, has consented to become a partner in the meantime ;

" *Now, therefore,* for the purpose of enabling George Steel to carry on the business under the name of Maddock & Steel, Jeanie E. Maddock is hereby constituted a partner under said agreement until January 26, 1893, and her interest is hereby declared to be one-half of the compensation provided in said agreement to be paid to the said Sidney Maddock."

The business was thereupon carried on under the name of Maddock & Steel, and it being claimed upon the part of the plaintiff that the defendant, George Steel, was seeking to gain control of the business and assets, to her exclusion and to her pecuniary prejudice, this action was brought.

Upon the part of the appellant it is urged that the plaintiff in this action had no such interest in the partnership business as gave her the rights of a partner. But in our opinion, the question as to the right of the plaintiff to maintain this action does not depend upon the interest that she may have in the assets of this copartnership, but it does depend upon the fact as to whether the relation existing between herself and Steel was that of copartners. This rests upon what was agreed between these partners. For the purpose of avoiding the penalties of the statute preventing the use of the names of partners who were not interested in the business, this subsequent agreement was made, as appears upon its face, and business was conducted under it. Now, after the parties have agreed between themselves, for the purpose of avoiding a prohibition contained in a statute, that they are partners, certainly they cannot come into a court of equity and claim that because the interest was not sufficient, therefore, no copartnership existed. All these questions of interest which have been discussed in numerous cases have arisen where it was necessary to determine, not whether the parties actually agreed to become partners, but whether by having such an interest they did not become partners by the mere fact of the interest which they had in the business of the copartnership.

We think, therefore, that these parties, having agreed to become partners for the purpose of complying with the statute, were partners, and that the plaintiff became liable for the debts of this business to third parties, and she has a right to the protection of the court in order that the copartnership property shall be applied to the payment of those liabilities for which she is jointly liable with her copartner Steel.

The order appealed from, therefore, should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., and INGRAHAM, J.

Order affirmed, with ten dollars costs and disbursements.